UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DWAYNE COCHRAN, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   No. 2:17-cv-00044 |
| | )         REEVES/CORKER |
| TOWN OF JONESBOROUGH, | ) |
| TENNESSEE; DERRICK SUMNER; | ) |
| and KELLY WOLFE and JONATHAN | ) |
| PEACE in their individual and official | ) |
| capacities, | ) |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Dwayne Cochran's motion [D. 30] to allow for more discovery before responding to Mayor Kelly Wolfe and Derick Sumner's motions for summary judgment [D. 21, 23]. Specifically, Cochran seeks to depose Mayor Wolfe and defendant Sumner, and to obtain Wolfe's personal cell phone records for the relevant period. Wolfe and Sumner oppose Cochran's motion [D. 35, 36]. Officer Jonathan Peace also opposes any request to depose Wolfe or Sumner until his own motion for summary judgment has been ruled upon, on grounds that his participation in his co-defendants' depositions would be practically, if not legally, necessary [D. 37]. For the reasons that follow, the Court will allow Cochran to obtain certain portions of Mayor Wolfe's personal phone records, and to depose Wolfe and Sumner on the limited issue as to whether they were in contact on March 17, 2017, and, if so, the content of their communications.

1

# I

Under Rule 56(d) of the Federal Rules of Civil Procedure, a party opposing a motion for summary judgment may submit an affidavit or declaration explaining why it is unable to present facts essential to justify its opposition. "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). In making this showing, "bare allegations or vague assertions of the need for discovery are not enough," and the affidavit must do more than "merely recite the same allegations contained in the complaint." *Id.* (cleaned up). A party must state with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Id.* (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed. Cir. 1996)). Support for the motion must also indicate why the party has not previously discovered the information it seeks. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

When deciding what discovery is warranted after a defendant claims qualified immunity, the Court takes a two-step approach. First, the Court determines whether the defendant's alleged actions "are actions that a reasonable officer [or governmental official] could have believed are lawful." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987). If so, then the official is protected by qualified immunity, and is entitled to dismissal prior to discovery. *Id.* But if not, and if the defendant's version of the facts is different from the plaintiff's, "then discovery may be necessary" before qualified immunity can be determined on a motion for summary judgment. *Id.* "Only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue, and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in abeyance pending additional discovery." *Summers*, 368 F.3d at 886.

If discovery is deemed necessary, the Court must allow only discovery that is "narrowly tailored" to the issue of qualified immunity. *Id.*

**A**

Derick Sumner has moved for summary judgment on grounds that his only involvement in the matter was to call 911 and truthfully report that a dump truck was blocking the road [D. 23]. Sumner admits that he gave a fake name to the 911 dispatch operator, but claims that he did so to protect his identity because he had previously been threatened by Mr. Cochran. [D. 36, at 1]. Cochran alleges that Sumner had a more sinister motive in placing the call, and that he was a "willing participant in the arrest … due to his connection between his landlord (Tony Clouse) and Mayor Wolfe's office." [D. 30-1, at 2]. Apparently, Clouse and Cochran are engaged in a property dispute; Clouse's girlfriend works for the Town of Jonesborough; and Wolfe, the Mayor of Jonesborough, has an "ongoing feud" with Cochran. Based on this string of connections, Cochran asserts that it is his good-faith belief that Sumner's 911 call "was caused by or related to political issues between Mayor Wolfe and Mr. Cochran." [D. 31, at 3].

Cochran alleges that Mayor Wolfe threatened him for supporting the mayor's political opponents, and then "carried through with this threat" by causing Officer Peace to unlawfully arrest him [D. 15, at 1]. In contrast, Mayor Wolfe claims that he did not learn of Cochran's arrest until after it had occurred, and that he had no part in Cochran's later prosecution [D. 22, at 2]. The mayor has moved for summary judgment on the basis of qualified immunity [D. 21]. But under Cochran's version of the facts, at least, Wolfe's actions were not actions that a reasonable government official would have believed were lawful. And because the parties' stories clearly differ, the Court must determine if discovery is necessary.

3

Some discovery is necessary to sort out whether and in what capacity Mayor Wolfe was involved in Cochran's arrest and prosecution, as Cochran contends:

> The only reason I can think of for being treated in this manner was due to the fact that Kent Harris ran against Mayor Kelly Wolfe for [a state position] and I was Kent Harris's campaign Coordinator. Kent Harris defeated Mayor Kelly Wolfe…. Also, in 2013 I supported Jerome Fitzgerald for Mayor of Jonesborough in opposition to Mayor Wolfe and was confronted by Mayor Wolfe regarding my support to the opposing party.… On election day, March 1, 2016 … Mayor Kelly Wolfe came up to Kent Harris and I and told us that he would get even with us and to "just wait." Two weeks later I was arrested due to false information given by Derrick Sumner to 911.

[D. 30-2, at 6]. Cochran asserts that the phone records and depositions he seeks will connect the dots and will "help establish whether [Wolfe or Sumner] had any connection to [his] arrest." [D. 30-1, at 3].

**B**

As this Court has stated, "Rule 56(d) does not permit a 'fishing expedition,' in which one party simply hopes to uncover some evidence that may help its case." *Duff v. Oak Ridge, Tenn.*, 2011 WL 4373929, at *4 (E.D. Tenn. Sept. 19, 2011) (quoting *Peltier v. Macomb Cnty.*, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011)). Earlier this year, in *King v. Harwood*, the Sixth Circuit upheld a district court's denial of a party's Rule 56(d) motion on grounds that the declaration supporting its motion was not specific enough. In that case, plaintiff's counsel declared "we simply do not know all of Defendants' involvement in the events that gave rise to [Plaintiff's] prosecution," and "'Plaintiff needs to conduct discovery regarding the following areas:' before listing the various claims that [Plaintiff] has asserted against Defendants." *King v. Harwood*, 852 F.3d 568, 579-80 (6th Cir. 2017), *petition for cert. docketed*, No. 17-260 (U.S. August 17, 2017).

Like in *Harwood*, Cochran claims lack of knowledge regarding Mayor Wolfe and Sumner's involvement in his arrest and prosecution (that is, beyond the 911 call itself and speculations regarding Sumner's landlord's girlfriend's connection to the mayor). But unlike in *Harwood*, Cochran has specified a limited discovery plan that he says will enable him to determine whether either defendant "[took] action on the day in question due to the motivations that would be improper under the First Amendment." [D. 41, at 3]. Because it appears that the viability of Cochran's claims against Mayor Wolfe and Derick Sumner turns on whether Wolfe and Sumner were in contact on March 17, 2017, the Court will permit limited discovery into this matter, as set forth below.

C

Cochran has not previously discovered the information he now seeks. The parties specifically agreed in their Rule 26(f) planning meeting that Initial Disclosures would not be due until fourteen days *after* this Court ruled on the pending motions for summary judgment, at which point formal discovery would commence [D. 25, at 2]. Plaintiff's counsel Gary Prince asserted in a declaration that his office sought Mayor Wolfe's phone records via a public records request, but the Town of Jonesborough "has not been compliant." [D. 30-1, at 3]. At some point after Prince's declaration was produced, the Town's attorney responded to the request and informed plaintiff that "Mayor Kelly Wolfe does not possess and has not been issued a cellular phone from the Town of Jonesborough." [D. 35-2, at 2]. The Town's attorney then attempted to secure Wolfe's personal cell phone records through Verizon, but Verizon would not release them without a court order [*Id.* at 4]. Mayor Wolfe later provided his counsel with a data provider's record of his private cell phone calls on March 17, 2017, which he has agreed to release to Cochran if the Court so orders [D. 35, at 7].

In cases where there has been no opportunity for discovery, it is generally considered an abuse of discretion for a district court to deny a party's Rule 56(d) motion for discovery and rule on a summary judgment motion.[1] *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir.2004). Because the parties have not yet engaged in any formal discovery—and Cochran alleges in good faith that he is presently unable to present facts essential to justify his opposition to Wolfe and Sumner's motions for summary judgment—the Court will permit some discovery at this time.

## II

Officer Peace has also moved for summary judgment on the basis of qualified immunity [D. 16]. Cochran has already responded to Peace's motion, and is not seeking to depose him at this time. Even so, Peace opposes Cochran's request to depose Wolfe or Sumner until his own motion for summary judgment has been ruled upon, out of concern that if his co-defendants are deposed, he would effectively be forced to participate in the discovery process [D. 37]. The Supreme Court has indicated that when one defendant is entitled to assert the defense of qualified immunity, "it is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the party claiming immunity] to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Peace's position is well-taken. Accordingly, the scope of Wolfe and Sumner's depositions will be limited to ensure that Peace will not be burdened by discovery at this stage in the proceedings.

---

[1] Limited exceptions to this principle exist, but none are directly applicable here. *See CenTra*, 538 F.3d 402, 420-21.

**III**

Because qualified-immunity discovery must be narrowly tailored, the Court will allow only so much discovery as necessary to determine whether Mayor Wolfe and Derick Sumner were in cahoots on March 17, 2017. Cochran will therefore be allowed access to Wolfe's personal cell phone records from March 17, 2017, for the period of time one hour before and one hour after Officer Peace was dispatched to the scene where Cochran's dump truck was blocking the road. Cochran will also be permitted to depose Wolfe and Sumner on the limited issue of whether they were in contact on March 17, 2017, and, if so, the content of their communications.

To this extent, Cochran's motion to conduct more discovery before responding to Wolfe and Sumner's motions for summary judgment [D. 30] is **GRANTED**. Wolfe is directed to prepare a protective order and provide the specified cell phone records to Cochran within **10 days** of this order. Cochran has **30 days** from the entry of this order to depose Wolfe and Sumner, and **21 days** from the end of the final deposition to file responses to their motions for summary judgment. Wolfe and Sumner can then reply within **7 days** of when the response is filed.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**